CASE No. 1064.

WILLIAMS v. IRBY.

1. In a trial justice's court the defendant may orally answer a written complaint.
2. The defendant having orally pleaded a general denial, he could not introduce evidence of a counter-claim; notice was necessary.
3. A demand originating in contract cannot be pleaded as a counter-claim in an action for the recovery of a specific chattel.

Before ALDRICH, J., Marlborough, September, 1880.

Action by Thomas W. Williams against Harriet Irby, commenced in December, 1879, and tried by a trial justice in March, 1880. The opinion states the case.

*Messrs. Caston & McIver,* for appellant.

*Mr. A. A. Pollock,* contra.

July 21st, 1881. The opinion of the court was delivered by

SIMPSON, C. J. During the year 1879 the plaintiff (appellant) carried to defendant's (respondent's) gin certain cotton of his own to be ginned and packed into a bale. The bale having been ginned and packed, was at respondent's gin on December 9th, 1879, when appellant demanded it of respondent. The delivery was refused, and appellant commenced action before a trial justice, alleging the facts as above stated, demanding judgment in his complaint for the recovery of the cotton or for the sum of $68, in case possession could not be had, with $20 damages for the detention. The answer of respondent was made orally, and was as follows: "The defendant puts in a general denial."

On the trial of the case the defendant, without previous notice, offered evidence to show a prior indebtedness of plaintiff to defendant on an old account of $20, and also a balance of rent due

for the year 1879. The evidence was objected to by plaintiff as not in reply to the case made. This objection was overruled by the trial justice and the evidence was admitted, which established a certain balance due for rent in 1879.

Upon this evidence the trial justice decreed : " That the defendant, as landlord, was entitled to a balance of rent for the year 1879 ; that the amount of cotton taken exceeded the amount to which defendant was entitled as rent by two hundred pounds of cotton, which was worth, at twelve cents per pound, $24 ; and that this amount of cotton was wrongfully taken, and that the plaintiff was damaged thereby $10 in addition to the value of the said two hundred pounds of cotton." He then decreed for plaintiff $34 and costs. From this judgment both plaintiff and defendant appealed to the Circuit Court.

The plaintiff appealed on numerous exceptions ; when condensed, however, they present but three grounds :

1. " That the trial justice erred in permitting evidence of a counter-claim, without notice, after issue joined upon a general denial of the facts alleged in the complaint.

2. " Because the trial justice erred in allowing defendant to answer orally after service of written complaint upon him.

3. " Because the trial justice, after having found that the cotton was taken, as charged in complaint, erred in holding that defendant, as landlord, had the right to hold the cotton, and out of it to enforce payment of plaintiff's indebtedness to him for rent," &c.

The defendant appealed upon the ground : " That the trial justice erred in not dismissing the complaint on his motion ; because, as was patent, no affidavit had been filed and served at the commencement of the action as required, as he claimed, by Section 74 of code."

Upon the hearing of the appeal, Judge Aldrich rendered the following order : " I have examined and considered the testimony. It appears to me that the trial justice has done substantial justice to the parties litigant. The appeal is dismissed."

From this judgment of Judge Aldrich the plaintiff has appealed, assigning as error, in substance, that the presiding judge overruled his exceptions to the judgment of the trial justice, and

that, disregarding these exceptions, which raised questions of law, the judge based his judgment on what appeared to him to be "substantial justice between the parties litigant."

Section 91 of the code, Subdivision 2, provides that the pleadings in trial justices courts may be either oral or in writing. Appellant contends that while this section permits the pleadings to be either oral or in writing, yet that they apply to the whole pleadings, embracing the pleading both of plaintiff and defendant; that a proper construction of this section requires the pleadings on both sides to be the same. If the one is in writing the other should be so also, and the same as to oral pleadings; and inasmuch as the complaint in this case was in writing, it was error to permit the defendant to answer orally.

If this is the true construction of this section of the code, it would, in effect, give to the plaintiff, who always pleads first, the power to determine whether the case should be conducted upon oral or written pleadings. We do not think that this was the intent of this section. No doubt it would be much better in all cases that pleadings on both sides should be in writing. If this were so, much uncertainty and confusion, which often occurs from loose pleadings, would be prevented; and if it was within the power of this court to establish such a rule it might be wise to do so, but this court has not been invested with such power. It is our province to construe and declare, not to enact. In our judgment the section under consideration allows either party to plead either in writing or orally, as he may see proper, without regard to the pleadings on the other side, "the substance of the pleadings to be entered by the trial justice on his docket." There was no error, then, in the Circuit judge disregarding this exception.

The exception as to the counter-claim, we think, should have been sustained. In the first place, even had it been a proper counter-claim, one which, under the rules of pleadings, could have been legally set up as a defence to this action, yet it was objectionable here on the ground that no notice, either orally or in writing, had been given. It seems that the first that plaintiff heard of it was when the testimony of defendant was entered upon after the plaintiff had closed his case.

Subdivision 4, Section 91 of the code, provides that the answer of defendant may contain a denial of the complaint or any part thereof, *and also a notice,* in a plain and direct manner, of any facts constituting a defence or counter-claim. In this case the answer of defendant was nothing more than a general denial. This answer put in issue the allegations only in the complaint.

The testimony, according to well-understood rules governing trials, should, under the code, have been confined to the matters thus put in issue. " Under the general denial of the code, evidence of a distinct affirmative defence is not admissible. The only evidence which the defendant is entitled to give is limited to a contradiction of the plaintiff's proofs, and to the disproval of the case made by him." *Pom. on Rem.,* § 660. It was a mistake, then, to allow the defendant to travel beyond the record and to introduce a defence which made its first appearance in the testimony which was offered to sustain it, and which the plaintiff objected to. This objection being overruled, exception was taken on appeal to the Circuit Court. In our judgment this exception should have been sustained on the grounds above referred to.

We think, too, that it was fatal upon another ground. The answer of defendant must contain either a general or specific denial of the material allegations in the complaint, or a statement of new matter constituting a defence or counter-claim. *Code,* § 172. If a counter-claim is relied on, it must be one existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the action, and arising out of the following causes of action :

1. A cause of action arising out of the *contract or transaction set forth in the complaint* as the foundation of the plaintiff's claim, or connected with the subject of the action.

2. In an action arising on contract, any other cause of action, arising also on contract, and existing at the commencement of the action. *Code,* § 173.

The demand set up in this action by the defendant does not appear to be embraced in either of the classes of counter-claim provided for in this section of the code.

The plaintiff's action was for the recovery of a specific chattel —a certain bale of cotton. The defendant's counter-claim orig-

inated on a contract, either actual or implied.    It was in no way connected with plaintiff's foundation of action, and it is apparent that it could not be sheltered under either one of the specifications contained in Section 173.    Mr. Pomeroy, in Section 767 of his admirable work on Remedies and Remedial Rights, says: "It would seem that in an action to recover the possession of specific chattels no counter-claim is possible, unless, perhaps, equitable relief may be demanded under some exceptional circumstances."

The claim of defendant here is not based upon an equitable right.    His claim is a clear, legal claim—a claim growing out of contract—for the enforcement of which he has a plain and adequate remedy at law.    He cannot, therefore, invoke the exceptional circumstances, which, it seems from the authority above cited, will sometimes allow an exception to the general rule.    He must stand on the general rule, and that rule shuts out his defence.    The Circuit judge, we think, was in error in not sustaining this exception of the plaintiff.

The discussion of the last exception of plaintiff has, in effect, determined his third exception.    It will be, therefore, unnecessary to discuss that.    The defendant has not appealed, and we do not regard the point made by him before the trial justice, and submitted in his points and authorities, as before us.

The judgment of this court is, that the judgment of the Circuit Court be reversed and that the case be remanded to that court for a new trial.

McIVER and McGOWAN, A. J.'s, concurred.